UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK EDWARD STORK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:14-CV-759 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Frank Edward Stork, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254

challenging his 2009 conviction in St. Joseph County, Indiana, for resisting law

enforcement. (DE # 1.) The court is obligated to review the petition and dismiss it if "it

plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition and attachments, Stork pled guilty to resisting law

enforcement and in April 2009 was sentenced to two years in prison.[1] (DE # 1 at 1.) He

did not pursue a direct appeal. (*Id.*) In July 2011, he filed a state petition for post-

conviction relief. (*Id.* at 2.) His petition was denied. (*Id.*) He attempted to file a belated

appeal, but the Indiana Court of Appeals dismissed his appeal as untimely in July 2013.

(*Id.*) He later sought to file a petition to transfer to the Indiana Supreme Court, but his

---

[1] Stork is presently in federal custody serving an 82-month sentence for a firearms offense. *See United States v. Stork*, No. 3:10-CR-132. He asserts that he will serve the state sentence when his federal sentence is completed.

filings were returned to him due to various procedural deficiencies. (*Id.*; DE # 3 at 62-66.)

On March 24, 2014, Stork tendered his federal petition to prison officials for mailing. (DE # 1 at 6.) His petition is somewhat difficult to parse, but it can be discerned that he is claiming his guilty plea was not knowing and voluntary, and that he received ineffective assistance of counsel in connection with the plea agreement.[2] (DE # 1 at 3-5.)

Stork's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas petitions are subject to a one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Some of his claims appear to be based on errors of state law or errors occurring in the post-conviction proceedings, which do not present a cognizable basis for overturning his conviction. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). He also raises nonsensical arguments about being a "sovereign" citizen not subject to the laws of the State of Indiana or the United States. (DE # 1-1 at 1-4.) Such arguments are patently frivolous. *See United States v. Benabe*, 654 F.3d 753, 771–72 (7th Cir. 2011).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Stork's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, 28 U.S.C. § 2244(d)(1)(A) applies. Stork was sentenced in April 2009, and he did not pursue a direct appeal. (DE # 1 at 1.) His conviction became final for purposes of Section 2244(d)(1)(A) when the time for seeking review in the Indiana Court of Appeals expired 30 days later. *See* IND. APP. R. 9(A) (notice of appeal must be filed within 30 days of the trial court's judgment); *Gonzalez v. Thaler*, 132 S. Ct. 641, 655-56 (2012) (when a habeas petitioner does not complete all levels of state review, his conviction becomes final for purposes of AEDPA when the time for seeking further review expires).

Stork had one year from that date, or until May 2010, to file a timely federal petition. He did not do so, and instead waited until March 2014 to file the present petition. (DE # 1 at 6.) Although he sought state post-conviction relief in July 2011, the

federal deadline had already expired when he filed his state petition. Thus, the state

post-conviction proceeding did not toll or otherwise extend the federal deadline.[3] *De*

*Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin

until the federal year has expired is irrelevant" for statute of limitations purposes).

Accordingly, the petition is untimely. Stork appears to have anticipated this

problem when he filed this petition, because he asserts that his failure to comply with

the statute of limitations should be excused due to his actual innocence. (DE # 1 at 6.)

The U.S. Supreme Court recently held that a claim of actual innocence may be used to

excuse the failure to comply with time deadlines under AEDPA. *McQuiggin v. Perkins*,

—U.S.—, 133 S. Ct. 1924, 1931-33 (2013). However, this is a very difficult standard to

meet. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence

"must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341

F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence

means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S.

614, 623 (1998). To support a claim of actual innocence the petitioner must come

forward with "new reliable evidence—whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence—that was not presented

at trial," *Id.*, and must show that "in light of new evidence, it is more likely than not that

---

[3] The court notes additionally that because Stork failed to perfect a petition to transfer with the Indiana Supreme Court on post-conviction review, he would not be entitled to tolling during the eight months between July 2013 (when his appeal was dismissed as untimely by the Indiana Court of Appeals) and March 2014, when he filed his federal petition. *See* 28 U.S.C. § 2254(d)(2).

no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

Here, Stork does not present convincing evidence of his factual innocence; indeed, he pled guilty to the underlying offense. *Buie*, 341 F.3d at 626 ("[I]t is hard to see how one who has confessed can assert actual innocence."). Moreover, his actual innocence claim appears to be premised on his belief that there was insufficient evidence that the officer involved had his lights or siren activated when he was pursuing Stork.[4] In Stork's view, without such evidence there was no basis for him to know he was resisting law enforcement. His argument is undercut by the record. He submits a transcript from the plea hearing, in which he admitted under oath that the officer had his lights and sirens activated, and that he knew the officer wanted him to pull over but failed to do so. (DE # 3 at 70-71.) Stork's actual innocence argument has no merit. Therefore, the petition will be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner

---

[4] According to documents Stork has submitted, on November 13, 2007, police in South Bend attempted to pull him over because he had an outstanding warrant. He failed to pull over, but the officers followed him and cornered his vehicle, forcing him to stop. The officers then tried to remove him from the vehicle, but he punched at them and tried to roll the window up on one of the officer's arms. Ultimately police broke the window and removed him from the vehicle. (DE # 3 at 67-68.)

must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Stork to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petition (DE # 1) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability. The petitioner's motion for leave to proceed *in forma pauperis* (DE # 4) is **DENIED** as moot.

**SO ORDERED.**

Date: April 16, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT